IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-10-0118 |
| DERRICK ANTHONY WESLEY, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Defendant Derrick Anthony Wesley has filed a Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. (Mot., ECF No. 55.) He asserts he is eligible for a sentence reduction from 150 months to 120 months because his sentence was not imposed in accordance with the Fair Sentencing Act of 2010. The Government argues the opposite. (Gov't Opp'n, ECF No. 61.) After reviewing the record, the Court concludes Wesley is not eligible for relief. No hearing is required to resolve the motion. Local Rule 105.6 (D. Md. 2018). The motion will be denied.

The First Step Act allows relief in the form of a reduced sentence for an individual who committed a 21 U.S.C. § 841(a) (or § 846) offense prior to the effective date (August 3, 2010) of the Fair Sentencing Act, which increased the drug quantity thresholds for imposition of certain penalties under § 841(b)(1). First Step Act, Pub. L. 115-391 § 404, 132 Stat. 5194, 5222; *see* 21 U.S.C. § 841 note (2019) (Application of Fair Sentencing Act). Relief is discretionary. Two limitations apply, only one of which is relevant here:

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . .

First Step Act § 404(c). "In accordance with" is not defined in the statute, but a common-sense definition of that term is "consistent with." The record shows Wesley's sentence, as previously imposed, is consistent with the First Step Act.

Wesley was indicted on March 18, 2010, on three counts: possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm with ammunition in furtherance of a drug trafficking crime. (Indictment, ECF No. 3.) On October 13, 2010, he pled guilty to the second count, possession with intent to distribute 5 grams or more of cocaine base. (ECF No. 27.) In the plea agreement, Wesley and the Government stipulated as to the facts of case, including that there was found in the center console of the car Wesley was driving a plastic bag containing approximately 40 grams of cocaine base. The parties also stipulated that Wesley had previously been convicted of four controlled-substance felony offenses. They further agreed that Wesley was a Career Offender with a base offense level of 34 because the statutory maximum sentence for the offense to which Wesley was pleading guilty was 40 years. Because he was a Career Offender, Wesley had a criminal history category of VI. With three levels deducted because of acceptance of responsibility, his total offense level was 31. The guidelines range was, therefore, 188 to 235 months.

However, according to the terms of the plea agreement, the parties also negotiated a "C" plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and agreed that the appropriate sentence in the case was between 120 and 235 months. The Government agreed to recommend a

sentence between 188 and 235 months. On February 3, 2011, the Court imposed a sentence of 150 months. (ECF Nos. 34, 35.)

Wesley's Career Offender offense level is left unchanged by application of section 2 of the Fair Sentencing Act of 2010. That statutory provision raised the drug quantity threshold for § 841(b)(1)(B)(iii) from 5 grams to 28 grams cocaine base. Wesley's crime involved 40 grams or more of cocaine base, but still would have been charged according to the same subparagraph. Section 841(b)(1)(B)(iii) then and now specified a minimum mandatory term of 5 years and a maximum sentence of 40 years for that drug quantity. Wesley's applicable guideline range, however, is based upon his Career Offender status. Section 2 of the Fair Sentencing Act did not change that calculation. Consequently, the Court concludes Wesley's sentence was imposed in accordance with section 2 of the Fair Sentencing Act and he is, therefore, not eligible for relief pursuant to section 404 of the First Step Act. His motion (ECF No. 55) is DENIED.

DATED this 24th day of July, 2019.

BY THE COURT:

/s/
James K. Bredar
Chief Judge